JOURNAL ENTRY and OPINION
{¶ 1} Appellant Guy Templeton Black appeals from a common pleas court order affirming a decision of the City of Cleveland Board of Building Appeals which found him to be in violation of Cleveland Codified Ordinances 3101.10(c) and (e) and 369.13. In nine assignments of error, he argues that the common pleas court and this court denied him due process by failing to appoint counsel to represent him. We find no error in the proceedings below and affirm the common pleas court's decision.
 Procedural History {¶ 2} Appellant was served with a notice of violation of housing ordinances dated July 18, 2003. This notice stated that appellant's property was in violation of Cleveland Codified Ordinances 3101.10(c) and (e) and 369.13. Most of the alleged violations related to § 3101.10(e), which provides:
 {¶ 3} "Maintenance of Exterior Property Areas. Exterior property areas of all premises shall be kept free of any object, wrecked, dismantled, inoperative, discarded, unused or unlicensed motor vehicles, except where permitted under Zoning Code ordinances.
 {¶ 4} "The premises shall be maintained free of any debris, material or condition which may create a health, accident or fire hazard, or which is a public nuisance.
 {¶ 5} "Fences shall be maintained in good vertical and horizontal alignment and shall be protected from decay by application of paint or other preservative material."
 {¶ 6} Appellant appealed the notice of violation to the Board of Building Appeals. The board heard argument and testimony on the matter on September 10 and 24, 2003. On October 8, 2003, it passed the following resolution:
 {¶ 7} "BE IT RESOLVED, That the ruling of the Board is to DENY the Appellant's appeal request to allow the conditions to remain as they are, but to require that the bicycles be stored neatly and on a hard surface, and to the City's approval; that the erosion control be obtained in a manner approved by the City not using loose materials as shown in the photographs, and that the grounds be maintained, the grass cut, etc. as requested or indicated in the Notice of Violation; the property is REMANDED at this time to the Department of Building and Housing for supervision and any required further action, and that the cars storage be limited to one (1) vehicle with a legitimate cover on it on a hard surface."
 {¶ 8} Appellant appealed this decision to the common pleas court. The court decided as follows:
 {¶ 9} "5-20-04 Appellant seeks relief from the City of Cleveland's Board of Building Appeals where he was found in violation of City Ordinance 3101.10(e). Appellant argues that the board violated due process. The record reflects that the board notified the Appellant of a hearing, that the board held a public hearing, that the board received evidence at the hearing by oral testimony and by written documentation, and that the appellant remained in violation of the city ordinance.
 {¶ 10} "There is no evidence that the appellee has done anything to violate the appellant's due process rights. Instead, appellee is merely enforcing the city's building code as codified in 3101.10(e).
 {¶ 11} "Appeal denied."
 {¶ 12} Appellant now appeals to this court.
 Law and Analysis {¶ 13} Although appellant's brief lists nine assignments of error, all nine raise essentially the same issue: appellant urges that the common pleas court and this court denied him due process by failing to appoint counsel to represent him. He contends that building code violations are misdemeanor criminal offenses, and as a result he has the right to counsel in defending against them.
 {¶ 14} Failure to comply with a lawful order issued pursuant to the city's building code could have been prosecuted as a first degree misdemeanor, with a potential penalty of imprisonment for not more than six months and/or a fine of not more than one thousand dollars. Cleveland Codified Ordinances 3103.99.[1]
In this case, however, appellant was not charged with a misdemeanor; he was only given notice of the violations and was ordered to correct them. As he was not charged with a criminal offense, he had no right to counsel pursuant to the authorities he has cited. Also see Crim.R. 44(B) (court may appoint counsel to represent defendant charged with a petty offense).
 {¶ 15} Even if he had asked the common pleas court to appoint counsel to represent him, appellant had no right to counsel in this matter. Therefore, we overrule the assignments of error and affirm the common pleas court's decision.
 {¶ 16} It is ordered that appellees recover of appellant their costs herein taxed.
 {¶ 17} The court finds there were reasonable grounds for this appeal.
 {¶ 18} It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
 {¶ 19} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J. and McMonagle, J. concur.
[1] This ordinance contains a sunset provision which states that "[a]uthority to enforce the above listed misdemeanors through issuance of a citation shall expire and shall be of no further force and effect two (2) years after the effective date of this section." The effective date of this section was June 12, 2003.